# Wise, Administrator, *v.* Curl, *et al.*

## *Death Action.*

(Decided April 4, 1912. 58 South. 286.)

1. *Master and Servant; Servant's Tort; Liability of Master.*— Where the action was for damages for the death of plaintiff's intestate, caused by a wrongful shooting, a count which charges that the death of the intestate was caused by the wrongful act of the defendants, their agents or employees, was insufficient in failing to aver that the acts of the agents or employees were committed within the line or scope of their assigned duties.

2. *Death; Action for; Evidence.*—Where defendants justified as deputy sheriffs under a writ, on the grounds of self-defense, the writ under which they were acting at the time was properly admitted on the question as to who was at fault in bringing on the difficulty.

3. *Sheriffs and Constables; Liability for Acts of Deputy.*—Under the facts in this case if the sheriff was liable at all, such liability could not be enforced in the form of action here adopted, it appearing that the sheriff was not present at the time of the killing, and the deputies acted on their own initiative.

4. *Appeal and Error; Harmless Error; Evidence.*—Where under the evidence a defendant is entitled to the affirmative charge, it was harmless error to exclude evidence the admission of which would not have changed the result.

[Wise, Administrator, v. Curl, et al.]

5. *Same; Assignment; Necessity.*—The court will not consider errors argued in brief of counsel where there is no such assignment noted on the record.

6. *Trial; Exclusion of Evidence.*—Where the evidence was insufficient to take the case to the jury as to certain defendants in that it failed to show that either of such defendants was present at the difficulty, it was bad practice to exclude the evidence after plaintiff had rested where the evidence was neither illegal, irrelevant nor immaterial.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Mary Wise as administratrix against J. N. Curl and others, for damages for killing her intestate by shooting him. Judgment for defendants and plaintiff appeals. Affirmed.

BUSH & BUSH, for appellant. Counsel discuss assignments of error, but without citation of authority.

HINDS PEEVEY, and PERCY, BENNERS & BURR, for appellee. No brief reached the Reporter.

SAYRE, J.—Plaintiff in error sued the defendants for wrongfully shooting and killing her intestate. The allegation of the second count was that "the death of her intestate was caused by the wrongful act of the defendants, their agents or employees." One is not responsible for the wrongful acts of his agents or employees unless done within the line or scope of their assigned duties. The count failed to aver a case of defendants' responsibility for the act of their agents or servants, and the demurrer was properly sustained.

After the plaintiff had rested her case, the court on motion excluded the testimony as to the defendants the Tennessee Coal, Iron & Railroad Company and Strickland. This was bad practice, since the testimony introduced by plaintiff was not illegal, nor was it either ir-

relevant or immaterial to the case stated in the complaint. It was, however, not sufficient to take the case to the jury, because it wholly failed to show that either of the named defendants was present at the difficulty in which plaintiff's intestate lost his life, or was in any way connected with that event, or responsible for its consequences. In such cases the practice here shown has been allowed to pass muster in this court on a number of occasions on the theory that it was error without injury. And so it is here. As to these parties the court later on properly gave the general charge for them with hypothesis. The same course was taken as to defendant Hilton.

The case proceeding as against the defendants Higdon, Curl, and Cowan, it appeared without dispute that Higdon was not present, but that the two last named were, and that they, acting as lawfully appointed deputies of Higdon, who was sheriff of the county, in the effort to execute a writ of possession in favor of the Tennessee Company against plantiff's intestate and others, had become involved in a difficulty in which they had shot and killed plaintiff's intestate. They justified on the ground of self-defense, and, among other things, offered in evidence the writ under which they were acting. The writ was clearly admissible on the question as to who was in the wrong in bringing on the difficulty.

There was no evidence which would authorize a finding that the defendant Higdon was present or in any wise responsible for what was done by Curl and Cowan, except as such responsibility might have been inferred from the bare fact that they were engaged at the time in executing a writ as his deputies, though acting in the respect complained of entirely upon their own in-

[Southern Railway Company v. Stonewall Insurance Co.]

itiative.   If the sheriff was liable in that case, it could not be enforced in the form of action adopted.

The issues between plaintiff and the defendants Curl and Cowan were submitted to the jury. If there was error in the trial of those issues, there has been no argument to show in what it consisted. An examination of the record has not suggested to us any reason for reversing the result.

In the brief it is said that the court erred in sustaining the demurrer of some of the defendants to the third count of the complaint as amended, but we find no assignment of error directed to that point.

Finding no error, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and SOMERVILLE, JJ., concur.   MCCLELLAN and MAYFIELD, JJ., not sitting.