159 So. 826

### GILES et al. v. PARKER.
6 Div. 553.

Supreme Court of Alabama.
Feb. 28, 1935.

M. H. Murphy, of Birmingham, and Taylor, Richardson & Sparkman, of Huntsville, for appellants.

Horace C. Wilkinson, of Birmingham, for appellee.

BROWN, Justice.

This is an action of trespass vi et armis against Giles, as sheriff of Madison county, and the surety on his official bond, for wrongfully causing the death of plaintiff's minor son. Holland v. Fidelity & Deposit Co. of Maryland et al., 225 Ala. 669, 145 So. 131.

The complaint consists of a single count, which, after averring that the defendant Giles was on June 5, 1932, the sheriff of Madison county, and that the other defendant was the surety on his official bond, avers, "that on to-wit, said date the defendant Ben F. Giles, acting by and through his duly authorized deputy, one W. T. McMinn, then and there acting within the line and scope of his employment as such deputy and in and about the performance of his official duties as deputy sheriff of Madison county, Alabama, appointed and employed by the defendant Ben F. Giles, wrongfully shot and killed plaintiff's minor son, Homer Parker."

The defendants "separately and severally" demurred to the complaint, on grounds, among others, that it does not state a joint cause of action in favor of the plaintiff against both defendants; that no cause of action is stated therein in favor of the plaintiff against the defendant Giles; that no cause of action is stated therein against the surety; and that the complaint shows on its face that there is no joint liability on the part of these defendants for the alleged wrongs.

The demurrer was overruled and the defendants separately pleaded, in short by consent, the general issue with leave to give in evidence any matter, which, if specially pleaded, would constitute a defense, with like leave to plaintiff to offer proof of any matter that would be admissible in reply to such special defenses. There was a verdict and judgment for plaintiff against both defendants; hence this appeal.

The plaintiff rests his right of action on the provisions of section 5695 of the Code 1923, giving to the father a right of action "when the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, *his or their servants or agents*," and the question presented for decision is whether or not a deputy sheriff, acting within the

scope of his duty and authority, is an *agent or servant* of the sheriff within the doctrine of *respondeat superior.* (Italics supplied.)

There can be no question that Giles would be personally liable under this statute for his own acts in wrongfully or negligently causing such death; nor is it to be doubted the sheriff, as such, and the surety on his official bond, would be liable for a *personal injury*, not resulting in death, inflicted or caused to another by his negligent or wrongful act, or that of his deputy acting by virtue of his office or under color thereof. Such right of action exists under the common law, and such personal injury is well within the obligations of the sheriff's bond and the statute, declaring that "every official bond is obligatory on the principal and sureties thereon * * * for the use and benefit of every person *who is injured,* as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." (Italics supplied.) Code 1923, § 2612; Holland v. Fidelity & Deposit Co. of Maryland et al., supra.

■■ There is no civil liability, under the common law, as interpreted in this jurisdiction, against one who wrongfully or negligently causes the death of a human being; and hence no right of action exists under the common law therefor. The right of action is purely statutory. Hain v. Gaddy et al., 219 Ala. 363, 122 So. 329; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568; Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225.

Therefore, cases dealing with civil liability for personal injuries, not resulting in death, for which the common law gives a right of action, cannot be considered as apt authority to sustain the liability in this case.

The same is true as to decisions where the officer personally was guilty of the wrong, and the question presented for decision was not the officer's liability, but the liability of the sureties on his bond, such as Moore et al. v. Lindsay et al., 31 Tex. Civ. App. 13, 71 S. W. 298.

In Hain v. Gaddy et al., 219 Ala. 363, 122 So. 329, a case in which it was alleged that the plaintiff's testate was wrongfully killed by Gaddy, the sheriff of Dallas county, in attempting his arrest, it was ruled that the complaint did not state a cause of action against the surety for the reason that only punitive damages were recoverable under section 5696 of the Code, 1923, the homicide statute.

To avoid the effect of this decision and uphold the judgment against the appellant Employers' Liability Assurance Corporation, the surety on the sheriff's official bond, appellee strenuously insists that the holding in Louisville & Nashville R. Co. v. Bogue, 177 Ala. 349, 58 So. 392, that only punitive damages are recoverable under section 5695 of the Code, is unsound, and that case should be overruled. This argument is based on the language of the act approved January 23, 1885 (Acts 1884–85, p. 99), which preceded section 2588 of the Code of 1886, and which is entitled: "An Act allowing parents or personal representative of a minor child to sue a person or corporation for a wrongful act or omission causing *any personal injury to,* or death of, such minor," and the act provides: "That when any personal injury or the death of any minor child is caused by the wrongful act, or omission of any person; *or any officer,* or agent of an incorporated company, or private association of persons, the father, or in case of his death, or desertion of his family, the mother, or in case of their death the legal representative of such minor may maintain an action against such person, corporation, or private association of persons, for such wrongful act or omission, and *may recover such damages as the jury may assess.*" (Italics supplied.)

The argument is, that the purpose of this act was not to prevent homicides, or to protect human life, but to give a right of action for pecuniary hurt or loss.

It is conceded that this statute was materially changed in bringing it forward into the Code of 1886, in that the provision for a right of action for personal injury was omitted. As originally enacted, it limited the right of action for "wrongful act or omission of any person" to the person guilty of the wrongful act or omission, but as to corporations, it conferred the right of action for the wrongful act or omission of "any officer or agent" of such corporation under the doctrine of respondeat superior. Hendrick v. Walton et al., 69 Tex. 192, 6 S. W. 749; Savannah & Memphis Railroad Co. v. Shearer, Adm'x, 58 Ala. 672. In the first codification the statute was so changed as to apply the doctrine to persons and corporations alike for the wrongful acts or omissions causing the death to "his or their servants or agents." Code 1886, § 2588. It was brought forward in the Code of 1896 as section 26, without further change in its verbiage, but in bringing it forward in the Code of 1907, as section 2485, it was further changed by relating it to sec-

tion 2486 (section 27 of the Code of 1896), "the homicide act," accompanied by the following observation of the code commissioner: "The act as originally passed was never construed by the supreme court; it was very greatly modified, when codified as it appeared in § 2588 of the Code of 1886, and was brought forward as § 26 of the Code of 1896. It was evidently the intention of the legislature to give the parents, the father and mother, respectively, in the cases mentioned, a right of action for the wrongful death of their infant in the same manner as the right of action was conferred upon the personal representative under the homicide act, § 27 of the Code of 1896, but to make the action by the parent a bar to an action under the homicide act, so as not to allow an action by both the parent and personal representative for the same wrongful act causing death of infant. There was evidently some confusion or lack of clearness as to the relation of this section to the one following. An action by the parent for the wrongful death of the infant would certainly be a bar to an action by the personal representative under § 26; would it also be a bar to an action by the personal representative under § 27, or was the effect of the statute of Jan. 23, 1885, or the act as codified, § 26 of the Code of 1896, to take away the right of action under § 27 of the Code of 1896 for the wrongful death of infant? There was also some confusion in the decisions of the court construing these two sections. Each statute provides that the damages recoverable shall be such 'as the jury may assess.' The cases construing § 27 hold that the damages are punitive, while the case of Williams v. S. & N. A. R. Co., 91 Ala. 635, 9 So. 77, construes § 26, holding that the damages are compensatory and not punitive; this would imply that each statute created a different cause of action, and therefore that two actions might be maintained for the same wrongful death—one under § 26, by the parent or representative, and the other under § 27, by the personal representative. There is further confusion for this reason, that § 27 provides that the damages when recovered are not subject to the payment of debts of the testator or intestate, but must be distributed according to the statute of distribution, whereas § 26 has no similar provision; in fact, it has no provision as to the status or disposition of the damages when recovered; that is to say, if an action should be brought by the personal representative under § 26, would the damages be distributed between the distributees of the decedent's estate, or would they be for the

benefit of the parent exclusively? Another cause for confusion in the statute itself, is that it provides that an action by the parent is a bar to a suit by the personal representative, but it does not provide that a suit by the personal representative is a bar to one by the parent—e. g., if the personal representative should bring an action under § 26 of the Code, and recover judgment, would it bar an action by the parent, under § 27? The section as now written was intended to make its meaning certain, and not to change it. Amendment of complaint changing cause of action from § 25 or § 26 to § 27. Louisville & N. R. Co. v. Robinson, 141 Ala. 325, 37 So. 431. Dàmages under § 27 held punitive, while those under § 26 held compensatory. (Damages under this section should be the same; the language of each as to damages being the same.)"

Following this codification, the question of whether the damages recoverable were punitive or compensatory was fully considered by the court, all the justices participating, in Louisville & Nashville R. R. Co. v. Bogue, supra, and it was there ruled that the statute authorized only the recovery of punitive damages. The statute was brought forward after that decision into the Code of 1923 as section 5695, without further revision, and the Bogue Case has been consistently adhered to in the subsequent decisions. Louisville & N. R. Co. et al. v. Phillips, 202 Ala. 502, 80 So. 790; Hull v. Wimberly & Thomas Hardware Co. et al., 178 Ala. 538, 59 So. 568. We regard the question as authoritatively settled, not only by the decisions, but by the subsequent adoption of the Code. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; City of Gadsden v. Jones, 227 Ala. 395, 150 So. 359.

On the appeal of Holland, in Holland v. Fidelity & Deposit Co. of Maryland et al., 225 Ala. 669, 671, 145 So. 131, 132, a suit for personal injuries, and therefore actionable at common law, against the sheriff and the surety on his official bond, for the act of the deputy sheriff in shooting the plaintiff while attempting his arrest, it was observed:

"The inquiry presented therefore is whether the action is in case or trespass. The rule is that, when an agent commits a trespass when acting in the line and scope of his authority, but not authorized by the principal to commit the trespass, the agent is liable in an action of trespass and the principal in case, but that a joint action against them is not available. [Citing authorities.]

"This rule would control in the instant case if the liability of the sheriff for the acts of the deputies were dependent upon the ordinary principles pertaining to principal and agent or master and servant on the doctrine of respondeat superior. So the question is whether they apply in respect to a sheriff and his deputies, acting under color of the office of sheriff. It seems to be well settled that a different rule obtains. The distinction is variously expressed but leading to the same result. In Hereford v. Brentz, 192 Ala. 465, 68 So. 350, quoting from Rogers v. Carroll, 111 Ala. 610, 20 So. 602, that 'In legal contemplation he (the deputy) and the sheriff were one officer, so far as third persons were concerned, as to all questions of civil responsibility,' it was held that an action in trespass will lie against the sheriff for a trespass committed by his deputy.

"In King v. Gray, 189 Ala. 686, 66 So. 643, an action in trespass against the sheriff for a trespass by the deputy is justified on the authority of Prewitt v. Neal, Minor, 386, in which it is said that an action of trespass vi et armis is the proper action against a sheriff for a trespass committed by his deputy under color of office. [Citing authorities.]

"Indeed, such conception of the law seems to be general throughout the country, as appears in notes to 1 A. L. R. 236, and 35 Cyc. 1618. It is sometimes said that for such purpose, the deputy is the alter ego of the sheriff."

In Wise, Administratrix v. Curl et al., 177 Ala. 324, 326, 58 So. 286, 287, Higdon, the sheriff of Jefferson county, and Curl and Cowan, his deputies, were sued for the acts of Curl and Cowan for wrongfully killing the plaintiff's intestate in an effort to execute a writ of possession, and in the complaint it was alleged that "the death of her [plaintiff's] intestate was caused by the wrongful act of the defendants, *their agents or employees*." In disposing of the case on plaintiff's appeal, after judgment for the defendants, the court observed: "There was no evidence which would authorize a finding that the defendant Higdon was present or in any wise responsible for what was done by Curl and Cowan, except as such responsibility might have been inferred from the bare fact that they were engaged at the time in executing a writ as his deputies, though acting in the respect complained of entirely upon their own initiative. If the sheriff was liable in that case, it could not be enforced in the form of action adopted." (Italics supplied.)

The holding in these cases clearly concludes to the effect that a deputy sheriff is not an agent or servant of the sheriff, and that the doctrine of respondeat superior applicable to the relation of principal and agent and master and servant does not apply.

After diligent examination of the authorities, the only case we have been able to find which holds a sheriff liable for the act of his deputy in wrongfully causing the death of a person is Johnson, etc., v. Williams' Adm'r, 111 Ky. 289, 63 S. W. 759, 54 L. R. A. 220, 98 Am. St. Rep. 416, in which the court treated the liability as a common-law liability, and within the statute declaring the effect of the sheriff's official bond. See note 11 L. R. A. (N. S.), pages 758–761.

In Howard et al. v. Caudill et al., 228 Ky. 403, 15 S.W.(2d) 245, the same court ruled contrary to the holding in Johnson, etc., v. Williams' Adm'r, supra, that the sheriff and the surety on his official bond were not liable for the acts of his deputies in wrongfully causing the death of the plaintiff's husband.

The statute, section 5695, Code of 1923, is in derogation of the common law, creating a new punitive liability not recognized by the common law, and will not be extended by construction beyond the reasonable import of its language. Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900.

Our judgment is, that the Legislature in the enactment of the statute and its subsequent revision did not have in mind the relation of the sheriff and his deputies, and the sheriff and his bond are not liable for the wrongful act or omission of a deputy causing the death of a human being. The court, therefore, erred in overruling the defendants' demurrers to the complaint.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.