**Robert AULDS, Plaintiff-Appellant,**

**v.**

**Lt. Thomas FOSTER et al.,**
**Defendants-Appellees.**

**No. 73–2375**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1973.

James A. Wood, Baton Rouge, La., for plaintiff-appellant.

S. J. Dileo, Sp. Counsel, Dept. of Justice, State of La., Crim. Div., Baton Rouge, La., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Robert Aulds, is presently incarcerated in the Louisiana State Pen-

---

* Rule 18, 5th Cir.  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

itentiary at Angola, Louisiana. On December 19, 1972, he filed a verified complaint in the United States District Court alleging a violation of the Civil Rights Act, 42 U.S.C. §§ 1981–1983. He contends that during his incarceration he was denied adequate medical treatment and was brutally beaten by prison guards when he requested it. Counsel for the appellant secured affidavits from several inmates supporting these allegations.

The appellees, prison personnel, submitted affidavits contending that the appellant became violent and his own action necessitated the action by the guards. Appellees also contend that appellant refused medication offered by a hospital attendant, demanded other medication, and had to be forcibly returned to his cell. It is the contention of appellees that the disturbance created by appellant incited other inmates and required macing him and several other inmates.

The district court found that oral argument or an evidentiary hearing was not required. In referring to the inmate's affidavits it held "the main gist of these affidavits is simply that the guards handled the plaintiff rougher than the inmates thought they should . . . ." The court was of the opinion "that the evidence certainly preponderates in favor of the conclusion that this whole incident was a prison disturbance which required action on the part of the penitentiary guards, and that it was the plaintiff himself, rather than the guards, who caused injury to his wrists." The court concluded, "that this entire matter constituted a matter of internal prison administration, and that there is not sufficient evidence to justify a conclusion that any rights of the plaintiff protected by 42 U.S.C. § 1983 were violated in this case." Accordingly, upon its evaluation of these affidavits the district court granted the defendants' motion for summary judgment. We reverse and remand for trial.

■ A motion for summary judgment should only be granted when there is no genuine issue as to any material fact. The party opposing the motion is to be given the benefit of all reasonable doubt in determining whether a genuine issue exists. Heyward v. Public Housing Administration, 238 F.2d 689, 696 (5th Cir. 1956); Pennsylvania v. Curtiss Nat'l Bank, 427 F.2d 395, 401 (5th Cir. 1970). Although affidavits certainly are useful on a motion for summary judgment, the court may not resolve disputed fact issues by reference to the affidavits. The fact that it may be surmised that the party against whom the motion is made is unlikely to prevail at the trial is not sufficient to authorize summary judgment against him. National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962); American Manufacturers Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272, 279 (2d Cir. 1967).

■ Although similarities did exist between the affidavits of the inmates and those of the guards, important factual distinctions were present. The distinctions concern the degree of brutality, what was said by the guards, and the inmates' action provoking guard reaction. The truth of this matter should be determined by a trial on the merits.

■ As a matter of policy federal courts are reluctant to interfere with internal prison discipline, however, "this chariness does not mean that prison officials have unfettered discretion in the treatment of their prisoners." Anderson v. Nosser, 438 F.2d 183, 189 (5th Cir. 1971), affirmed en banc as modified, 456 F.2d 835 (1972).

■ An unjustified brutal beating by prison guards is sufficient to state a claim under 42 U.S.C. §§ 1981–1983, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We do not make the slightest intimation that such misconduct can be proved at trial. All we hold is that the existence of genuine issues of material fact make summary judgment inappropriate.

Reversed and remanded.