Carl Leland SALTER, Plaintiff,

v.

Larry TILLMAN, County Detective, and Ray D. Bridges, Sheriff of Mobile County, et al., Defendants.

Civ. A. No. 74–484–P.

United States District Court, S. D. Alabama, S. D.

Nov. 5, 1975.

Carl Leland Salter, pro se.

W. Boyd Reeves and A. Danner Frazer, Jr., Mobile, Ala., for defendants.

### ORDER

PITTMAN, Chief Judge.

This cause is before the court on a motion for summary judgment filed on behalf of defendant Ray D. Bridges.

The plaintiff's Court Forms 1983 "Petition for Redress for Violation of Constitutional Rights" were originally filed in Civil Action No. 74–372–P, *Carl Leland Salter v. City of Saraland*, but were removed from that cause and made the basis of this action by order of the Magistrate of this court since the court forms stated a separate and distinct set of facts from those set forth in Civil Action No. 74–372–P.

In the instant cause the plaintiff names County Detective Larry Tillman and Sheriff Ray D. Bridges[1] as defendants. The plaintiff charges: (1) Detective Tillman committed him to jail and set bond at "Know bond" (sic); (2) he was not taken before a magistrate or judge until eleven days after his arrest; and (3) there was undue delay in appointing counsel.

Defendant Bridges' motion asserts the lack of a genuine issue as to any material fact and avers that he is entitled to a judgment as a matter of law. The motion is based upon affidavits and certified copies of court records, none of which have been challenged by the plaintiff, as well as the plaintiff's court forms.

### FINDINGS OF FACT

Carl Leland Salter was arrested by officers of the Police Department of Saraland, Alabama, on July 6, 1974, pursuant to a warrant issued by Judge Deas, Recorder of the Municipal Court of Saraland, who fixed bond at $10,000.00 at the time he issued the warrant. On July 18, 1974, Judge Deas reduced bond to $5,000.00 when the plaintiff, accompanied by an attorney appointed at an earlier date, waived preliminary hearing, was bound over to the Mobile County Grand Jury, and was transferred to Mobile. (Affidavit of Franklin P. Pridgen, Jr., Chief of Police of Saraland).

On August 13, 1974, almost a month after bond was reduced, Detective Tillman responded to a message from the plaintiff to come to the Mobile County Jail for a conversation, was told by Mr. Salter that he had killed a person, took the plaintiff to a site identified by the plaintiff as the place of the murder, made an investigation, and arrested and booked the plaintiff for first degree murder. (Affidavit of Detective Tillman).

On August 20, 1974, seven days after the charge was made, the plaintiff appeared before Special Judge Joseph D. Quinlivan,

---

1. Although defendant Bridges was the Sheriff of Mobile County, Alabama, during all times material to this action, he no longer holds that office. Mr. Bridges is referred to as "Sheriff Bridges" or "the Sheriff" throughout this order as a matter of style.

Jr., of the Court of General Sessions. An attorney was appointed for Mr. Salter and the case was continued. Special Judge Quinlivan set bond on the murder charge at $25,000.00 three days later on August 23, 1974, when the plaintiff, accompanied by his attorney, waived preliminary hearing and was bound over to the Mobile County Grand Jury. (Mobile County Court of General Sessions Records, Case No. 33044).

During the time involved in this action, the movant was the Sheriff of Mobile County and defendant Tillman was employed as a deputy and detective for the Mobile County Sheriff's Department. (Affidavits of Sheriff Bridges and Deputy Tillman). All Sheriff's deputies were then, and are now, subject to the "Laws and Rules of the Personnel Board for Mobile, Alabama" as promulgated by The Personnel Board pursuant to a legislative act which created the board. (Affidavit of George H. Pierce, Director of the Personnel Board for Mobile County, Alabama).

For aught that appears, Sheriff Bridges had no personal knowledge of any of the events regarding the plaintiff that transpired on August 13, 1974, including the plaintiff's statement to Deputy Tillman and the charge lodged against him on that date, nor did he have any personal knowledge of the setting of bond on the plaintiff by Deputy Tillman, if in fact this was done,[2] nor any personal knowledge of the matters regarding the appointment of an attorney for the plaintiff, Salter's appearance in court for a preliminary hearing, nor the setting of any bond by the court. The movant was not consulted by Tillman relative to any bond for Mr. Salter, nor did he authorize Tillman or any other deputy to set bond on the plaintiff. Defendant Bridges was not consulted by Tillman regarding Mr. Salter at the time the murder charge was lodged nor any time thereafter. (Affidavit of Sheriff Bridges).

## CONCLUSIONS OF LAW

■ Since judges, rather than police officers, have the sole authority and responsibility for appointment of defense counsel, Ala.Code, Tit. 15, § 318(6) (Pocket Part), and since magistrates rather than police officers have the statutory responsibility to set and conduct preliminary examinations, Ala.Code, Tit. 15, §§ 20, 128–151 (1940) (Recomp. 1958), the court concludes the movant is entitled to a summary judgment as a matter of law as to these issues.

■ Although only judges have the authority to admit defendants to bail, Ala. Code, Tit. 15, §§ 187, 189 (1940) (Recomp. 1958), the court determines that Deputy Tillman would have exceeded his authority if he either fixed bail on the murder charge or directed that the plaintiff be held without bail pending an adjudication of the merits of the charge by the trier of fact. However, assuming arguendo that defendant Tillman exceeded his authority by acting in either manner, the court concludes that defendant Bridges would not be vicariously liable in a Section 1983 action under the facts and circumstances of the instant case.

As reflected by *Madison v. Gerstein*, 440 F.2d 338 (5th Cir. 1971), the vicarious liability of a sheriff for the acts of a deputy in a Section 1983 action is measured by the applicable state law. In *Madison*, involving a Section 1983 action arising in Florida, the Fifth Circuit observed that Florida law burdened the traditional sheriff with vicarious liability for the acts of his deputy acting within the scope of his official authority and by virtue of his office as to any neglect or default without regard to the knowledge or consent of the sheriff, but concluded that a different result should obtain in Dade County, Florida, since that county by constitutional amendment had abolished the office of sheriff as provided in the State Constitution and transferred the functions and duties of the sheriff to an office to be

2. To the extent that the plaintiff's court forms may be construed to charge that detective Tillman directed that the plaintiff be held on the murder charge without bond, the court makes no finding of fact. Tillman's answer and affidavit each state that he "set no bond," but neither document negates any possible construction of the plaintiff's court forms to include an assertion that detective Tillman ordered that he be held without bond.

held by an individual to be known as the "metropolitan sheriff." The court determined that the lack of complete authority of the municipal sheriff to hire and fire his deputies, who were apparently protected by civil service laws made his office analogous to that of a police chief and concluded that the municipal sheriff would "not be liable for the acts of his deputy which he did not direct and of which he had no personal knowledge." 440 F.2d, at 342.

■ Under Alabama law, county sheriffs are Constitutional officers, Constitution of Alabama of 1901, Art. 5, § 115. By case law sheriffs are vicariously liable for the acts of their deputies acting within the scope of their official authority and by virtue of their office. *King v. Gray*, 189 Ala. 686, 66 So. 643 (1914), and the liability does not terminate by the expiration of their term of office where monetary damages are sought. *Hill v. Fitzpatrick*, 6 Ala. 314 (1844).

■ Alabama Local Act No. 470 (H–952), approved September 15, 1939, Local Acts of Alabama, 1939, page 298, commonly referred to as the "Mobile County Merit System or Civil Service Law" and the "Laws and Rules of the Personnel Board for Mobile County" promulgated by a Personnel Board created by that Act, provide the manner by which Mobile County employees, which includes sheriff's deputies, are hired, promoted, dismissed and otherwise regulated. Although neither the Act nor the regulations adopted by the Personnel Board abolish the office of sheriff as provided in the Constitution, they are analogous to the Florida Act in that the sheriff "does not now have complete authority to hire and fire his deputies, who are apparently protected by civil service laws." The sheriff's authority in Mobile County is now analo-

gous to that of a police chief as set out in *Madison, supra*.[3]

Upon consideration of the plaintiff's court forms, the court notes that the plaintiff has not specified the type of relief sought. Since defendant Tillman has filed an answer and since this order removes Sheriff Bridges as a party defendant, this case is ready for a trial setting at the earliest opening on the court's calendar. It is the opinion of this court that the plaintiff should be allowed twenty (20) days from the mailing of the forms and this order by this court to file an amendment to his court forms to specify the type of relief sought.

It is therefore ORDERED, ADJUDGED and DECREED that the motion for summary judgment filed on behalf of defendant Ray D. Bridges be, and is hereby, GRANTED.

It is further ORDERED, ADJUDGED and DECREED that the plaintiff be allowed twenty (20) days from the mailing of this order and of the attached court forms (Appendix A) in which to amend his court forms to specify the type of relief sought against Deputy Larry Tillman.

It is further ORDERED and ADJUDGED that the Clerk of this court shall forward a copy of this order together with the attached court forms (Appendix A) and a return addressed postage prepaid envelope to the plaintiff by United States certified mail, return receipt requested. Such mailing shall be accompanied with a letter of transmittal directing the plaintiff to use the attached forms (Appendix A) to specify the type of relief sought against Deputy Larry Tillman by completing all portions of the attached forms which have not been marked out by the court and further directing the plaintiff to return such forms within the twenty (20) day time limit specified by this order.

---

**3.** This disposes of all issues against Sheriff Bridges. As to the bail issue, Alabama case law has held sheriffs are not vicariously liable for wrongful acts of deputies which are not done within the line and scope of their duty unless the sheriff was present at the time or directed the act. *Wise v. Curl*, 177 Ala. 324, 58

So. 286 (1912). Since defendant Bridges neither authorized nor had any personal knowledge of the bond setting by his deputy, if any, (an act beyond the authority of the sheriff or his deputy) the court concludes the motion for summary judgment is supported by Alabama case law as to this issue.

# APPENDIX A

COURT FORM 1983

## PETITION FOR REDRESS FOR
## VIOLATION OF CONSTITUTIONAL RIGHTS

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA

Full name and prison number
of plaintiff

VS.

Name of Defendant(s)

CIVIL ACTION

NO. _____
(To be supplied by
Clerk of the
District Court)

---

## Instructions - Read Carefully

In order for this petition to be considered by the District Court, this form must be legibly filled in (printed or typed), signed by the plaintiff, and sworn to (before a Notary Public), and it shall set forth in brief form the answers to each question. If necessary, plaintiff may finish his answer to a question on the reverse side of the page or on additional blank pages. Plaintiff shall make it clear as to which questions any such continued answer refers.

Since the petition must be sworn to under oath, any false statement of a material fact may serve as the basis of prosecution for perjury. Plaintiff should therefore exercise care to assure that all answers are true and correct.

A SEPARATE PETITION MUST BE FILED BY EACH PLAINTIFF FOR EACH DEFENDANT.

If the petition is taken in forma pauperis, plaintiff must comply with the instructions on the last page hereof.

When the petition is completed, it must be mailed to the Clerk of the United States District Court for the Southern District of Alabama, 213 United States Courthouse, Mobile, Alabama, 36602, within the time limit specified on the last page of this form.

COURT FORM 1983

1. Prison Unit in which confined: _____

2. Name of individual you allege violated your constitutional rights:

_____

3. The date upon which said violation occured:

_____

**10**

4. State briefly the grounds on which you base your allegation that your constitutional rights are being violated:

(a) _____
_____
_____
_____

(b) _____
_____
_____
_____

(c) _____
_____
_____

5. State briefly (and in the same order) the facts which support each of the grounds set out in (4). (State as best you can the time, place, manner and person involved).

(a) _____
_____
_____
_____

(b) _____
_____
_____

(c) _____
_____
_____

COURT FORM 1983

6. State the names and addresses of the witnesses, if any, that actually observed the violation of which you complain and that you would expect to use at a trial of this cause:

(a) _____
(b) _____
(c) _____
(d) _____

(e) _____

7. State briefly (and in the same order) the testimony of each witness listed in (6) above:

(a) _____
_____
_____
_____
_____

(b) _____
_____
_____
_____
_____

(c) _____
_____
_____
_____
_____

(d) _____
_____
_____
_____
_____

(e) _____
_____
_____
_____
_____

COURT FORM 1983

7. Continuation of Item ( ): _____
_____
_____

8. The relief you seek (What do you want this Court to do?)
_____
_____

_____

_____
(Signature of Plaintiff)

STATE OF ALABAMA       }

COUNTY OF _____}

    Before me, a notary public in and for said County in said State, personally appeared _____ whose name is signed to the foregoing petition, who being first duly sworn, deposes on oath and says:

    That the information set forth in the foregoing petition is true and correct to the best of his knowledge and belief.

_____
(Signature of Affiant)

    Sworn to and subscribed before me this _____ day of _____, 19_____.

_____
(Notary Public)

_____ County,
Alabama

COURT FORM 1983

## INSTRUCTIONS

The Court may authorize the commencement and prosecution of this action without prepayment of fees and costs, or security therefor, by a person who makes affidavit that he is unable to pay such costs or to give security therefor, hence, if you have no money, bank deposit, stocks, bonds, real estate or other property with which to pay such costs or to give security therefor, you may sign the following affidavit.  If you have any property of any kind with which to pay such costs, or to give security therefor, then the affidavit should not be signed, but the filing fee of $5.00 should be paid to William J. O'Connor, Clerk of the United States District Court, 213 United States Courthouse, Mobile, Alabama, 36602.

## AFFIDAVIT

STATE OF ALABAMA       }

COUNTY OF_____}

Before me, _____, a Notary Public in and for the County and State aforesaid, personally appeared _____, who is known to me and being by me first duly sworn, deposes and says:

That he is unable to pay the costs incident to this petition for redress for violation of constitutional rights or to give security for such costs.

_____
(Affiant)

Sworn to before me and subscribed in my presence this the _____ day of _____, 19_____.

_____
Notary Public

_____County, Alabama

THIS PETITION FOR REDRESS FOR VIOLATION OF CONSTITUTIONAL RIGHTS MUST BE FILED IN THE CLERK'S OFFICE, UNITED STATES DISTRICT COURT, MOBILE, ALABAMA BY NO LATER THAN _____

_____**

** NOTE: This case may be dismissed for failure to respond within the time limit set out above.