**Donald Lee FOX, Plaintiff-Appellant,**

v.

**L. B. SULLIVAN, Commissioner, Board of Corrections, et al., Defendants-Appellees.**

**No. 77–1694**

**Summary Calendar. ***

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1977.

Donald Lee Fox, pro se.

William J. Baxley, Atty. Gen., Jerry L. Weidler, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Robert G. Kendall, Special Asst. Atty. Gen., Mobile, Ala., for Blackburn.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

An Alabama prison guard opened a cell door to allow the occupant to place a radio outside for the enjoyment of other prisoners. The occupant thereupon stabbed Donald Lee Fox, a fellow convict, working out-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

side the cell. Fox went to the hospital and was reported dead. Some of his personal property was distributed to other inmates. Fox lived, however, and brought this 42 U.S.C.A. § 1983 suit against the Alabama prison authorities to recover for his personal injuries and lost property. A prior panel of this Court held he was entitled to trial on the merits of his allegation that official negligence was responsible for the harm he suffered. *Fox v. Sullivan*, 539 F.2d 1065 (5th Cir. 1976).

On remand, the district court found the officers involved were not negligent. The court found the jail's procedures for inmate protection were reasonable, and that the officer opening the door had no basis for anticipating the attack. The court said that although some of Fox' books and magazines were given to a fellow inmate, some were later returned. The officers acted under the belief Fox was dead. Testimony also established that the officers thought some of the disputed property did not belong to Fox. His other personal effects were properly preserved. The failure to return a small portion was not the result of intent or negligence.

The only question for our review is whether the district court's findings of fact are clearly erroneous. Fed.R.Civ.P. 52(a). We conclude they are not. The district court properly applied the law under which the case was previously remanded to it.

AFFIRMED.