Isaac C. DAILEY, Petitioner-Appellant,

v.

G. S. BYRNES, Respondent-Appellee.

No. 78–3517
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1979.

Opinion Withdrawn on Rehearing
Jan. 7, 1980.

Isaac C. Dailey, pro se.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

William Roy Stokes, Brewton, Ala., for respondent-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

GOLDBERG, Circuit Judge:

This appeal is from the denial of relief sought by Isaac Dailey, *pro se*, pursuant to a petition brought under 42 U.S.C.A. § 1983 challenging conditions of confinement and the conduct of several officials at the Escambia County Jail in Brewton, Alabama. Pending the appeal in state courts of his conviction for forgery and the disposition of other charges against him, plaintiff Dailey has been incarcerated at the Escambia County Jail. He filed this § 1983 action against Sheriff Byrnes of Escambia County and other jail officials alleging intolerable living conditions, inadequate diet, lack of proper medical services, failure to provide exercise and an opportunity for fresh air, assaults by officers against him and the refusal of the sheriff to honor appearance bonds for his release.

At the nonjury trial plaintiff represented himself and presented inmate witnesses to support his claims. Defendants presented documentary and testimonial evidence which contested virtually all of plaintiff's allegations. Resolving the conflicts in the evidence against the plaintiff, the district court found neither the conditions at the jail nor the conduct of the officials to be unconstitutional. Accordingly, the district court dismissed the action. On review we affirm the district court on all the issues except those arising out of one particular assault on the plaintiff. We believe that additional findings are needed on the issues arising out of that alleged assault, and on those issues alone we reverse and remand.

At the outset it should be noted that upon denial of *in forma pauperis* certification for the appeal by the district court, plaintiff applied to this Court for certification required under 28 U.S.C.A. § 753(f) asserting that his appeal concerned three issues: unsanitary jail conditions, refusal of the sheriff to honor appearance bonds for his release and refusal of the court to allow subpoena of the sheriff of another county. This Court granted leave to appeal. In his *pro se* papers which purport to be his brief on appeal plaintiff appears to have dropped the jail conditions claim while raising two others: failure of the district court to award damages for the alleged injury he received when struck in the head by an officer and failure of the district court to consider four appearance bonds offered by the plaintiff as exhibits. All of these issues were litigated before the district court.

Ordinarily, a litigant is deemed to have abandoned those issues not addressed in his brief on appeal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979); *Gardner v. Blackburn*, 569 F.2d 856, 857 (5th Cir. 1978). Since it is not clear whether this *pro se* litigant's presentation of issues, in piecemeal fashion in papers obviously reflective of one untutored in legal practice, constituted an abandonment of certain issues, we will review the judgment of the district court for every error that has been asserted, consistent with the liberal view given by court of papers filed by indigents. *See Coppedge v. United States*, 369 U.S. 438, 442 n.5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Plaintiff alleged the living areas at the jail were filthy, infested with vermin and roaches, lacked provisions for reasonably regular changes of linen, and the toilets and lavatories were never cleaned or disinfected. The testimony of plaintiff's witnesses generally supported the allegations. Defendants' witnesses testified to the purchase of adequate cleaning supplies for the jail, the adequacy of the maintenance and cleaning routine at the jail, the policy on issuance of towels, linens and toiletries to inmates and the extermination services provided under contract with a professional exterminator. Defendants' witnesses further testified that the inmates destroyed towels and sometimes used toilet paper to heat their coffee, causing shortages of both items.

In response to testimony claiming routinely meatless meals for inmates, defend-

ants' food preparer testified that, almost always, the inmates were served meat at one meal during the day.

The district court found the only evidence of inadequate medical care to be Dailey's testimony that it was some time from the date he complained about ear problems and head bruises until he was examined by a physician.

Plaintiff's witnesses testified the inmates were locked in a cell or dayroom all day, every day, and the inmates were never permitted to get exercise or fresh air. The deputy sheriff in charge of recreation testified inmates were taken to the small recreation yard as often as possible, but the schedule rarely permitted more than one trip a week.

On this evidence the district court concluded as follows: The routine for cleaning the jail was not inadequate but should be strictly followed. The presence of rats, roaches and crabs at the jail was unfortunate but apparently irremediable. The contract for extermination services, however, showed good faith efforts by jail officials to eliminate, or at least control, the problem. The diet was adequate, and the recreational program was adequate in view of the fact that there is no constitutional requirement for outside exercise.

■ In support of his conclusions the district judge relied on *Newman v. State of Alabama*, 559 F.2d 283, 291 (5th Cir. 1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978), where the Fifth Circuit ruled,

> If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under Amendment Eight.

Regarding plaintiff's complaints about the medical service the district court concluded,

> [A]lthough there is no doubt that the plaintiff did not receive immediate responses to his requests for medical attention, it cannot be said that jail officials were deliberately indifferent to [serious] medical needs, the standard by which any

Eighth Amendment violation must be measured. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Except in one respect, these findings of the district court are not clearly erroneous, and the conclusions are consistent with applicable law. *See Fox v. Sullivan*, 558 F.2d 235, 236 (5th Cir. 1977). *See also Bell v. Wolfish*, —— U.S. ——, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

The one area in which we cannot fully accept the district court's conclusions concerns the plaintiff's effort to obtain damages for injuries the plaintiff suffered when Frank Reid, one of the jailers, struck him in the head causing a partial loss of hearing. At trial officer Reid admitted that he had struck Dailey. The district court found that several days earlier, plaintiff had thrown water on Reid, and the blow, several days later, was in retaliation to the previous water throwing incident. Noting that plaintiff had sought no relief for the assault but the court had power to grant any relief mandated by the evidence in this *pro se* case, the district court concluded that it was not persuaded that a constitutional right had been violated on the proof presented by plaintiff, citing *Aulds v. Foster*, 484 F.2d 945 (5th Cir. 1973) and *Tolbert v. Bragan*, 451 F.2d 1020 (5th Cir. 1971). *See also Roberts v. Williams*, 456 F.2d 819 (5th Cir.), *cert. denied*, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971).

We have frequently held that "an unjustified beating at the hands of prison officials gives rise to a section 1983 action." *Bruce v. Wade*, 537 F.2d 850, 853 (5th Cir. 1976); *see, e. g., Aulds v. Foster*, 484 F.2d 945, 946 (5th Cir. 1973). In *Hamilton v. Chaffin*, 506 F.2d 904, 909 (5th Cir. 1975) quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973), we observed,

> [i]n determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore

discipline or maliciously and sadistically for the very purpose of causing harm. *Id.* 481 F.2d at 1033. *See Tolbert v. Bragan,* 451 F.2d 1020 (5th Cir. 1971).

The district court did not find that Reid was making a "good faith effort to maintain or restore discipline"; nor did he find that Reid "need[ed]" to strike the plaintiff in order to subdue him or for any other legitimate reasons. No such reasons are obvious from this record. The district judge apparently believed that because Reid struck the plaintiff "in retaliation" for the incident that had occurred several days before, the plaintiff's constitutional rights were not violated. But "retaliation" for an incident that occurred several days earlier is more likely to be not an effort to restore order but instead either a motive for "maliciously" striking the plaintiff "for the very purpose of causing harm" or else summary, informal, unofficial and unsanctioned corporal punishment—an obvious due process violation. We must reverse on this point because this record and the district court's current findings are inconsistent with the district court's conclusion that the plaintiff's constitutional rights were not violated. We remand so that the district court may either make additional findings to support its original conclusion or else hold that Reid's assault violated Dailey's constitutional rights. If necessary the district court may, of course, take further evidence.

After Reid struck him, Dailey was not given immediate medical attention, but he was ultimately examined by a doctor. The record does not disclose how long Dailey had to wait before he saw a doctor. Dailey testified, however, that he suffered a hearing problem and severe headaches as a result of the blow he received from officer Reid. It does not appear as if medical records were introduced or that the physician who examined Dailey testified at trial. Nor is the evidence clear on the circumstances surrounding the delay in medical treatment for the injuries Dailey alleged he suffered from the blow. If this delay was the result of a jailer's "conscious or callous indifference" to the plaintiff's need for medical attention, *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979), then the plain-

tiff's constitutional rights have been violated. The district court applied this standard generally to the plaintiff's complaints about inadequate medical care, *see* R. Vol. 1 at 51, p. 5 *supra,* but did not mention it specifically in connection with the injuries caused by Reid's assault. "Conscious or callous indifference" is, however, a possible explanation if the beating itself was deliberate retaliation. Therefore we reverse and remand to allow the district court to apply this standard specifically to the injuries caused by the beating. Again the district court may take further evidence if necessary.

■ Officer Reid, however, is not a defendant in this case. If he alone violated the plaintiff's constitutional rights, the plaintiff can recover from Sheriff Byrnes only if he can hold Byrnes vicariously liable for Reid's acts. Where vicarious liability is sought against a sheriff under § 1983 for the acts of his deputy, state law controls. *Baskin v. Parker,* 588 F.2d 965, 968 (5th Cir. 1979); *Tuley v. Heyd,* 482 F.2d 590, 594 (5th Cir. 1973). Ala.Code § 14–6–1 (1975) provides that a sheriff who is the legal custodian of the jail in his county is civilly responsible for the acts of his appointed jailer. *See Giles v. Parker,* 230 Ala. 119, 159 So. 826, 827 (1935); *Wise v. Curl,* 177 Ala. 324, 58 So. 286 (1912). *See generally Salter v. Tillman,* 420 F.Supp. 5 (S.D.Ala.1975). The district court did not decide whether, under Alabama law, Sheriff Byrnes can be held vicariously liable for Reid's acts. On remand the district court should decide this issue, if necessary; we believe, *see Bishop v. Wood,* 426 U.S. 341, 345–46 & n. 10, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), that the district court should be the first to consider this question of state law.

Review of plaintiff's claims concerning the other alleged assault incident, the failure of Sheriff Byrnes to honor appearance bonds and the failure of the district court to subpoena an additional witness reveals those claims to be without merit. As the trier of fact on these issues, the district court resolved conflicts in the evidence against plaintiff, was not clearly erroneous and did not commit error in applying the law.

We reverse the district court's holding that Reid's striking the plaintiff did not violate the plaintiff's constitutional rights, and we reverse the district court insofar as it held that the plaintiff's constitutional rights were not violated by the delay in furnishing medical care for any injuries caused by Reid's assault. On these issues we remand for further proceedings consistent with this opinion. In all other respects we affirm the judgment of the district court.

AFFIRMED in PART, REVERSED and REMANDED in PART.

## ON PETITION FOR REHEARING

GOLDBERG, Circuit Judge:

The Petition for Rehearing is GRANTED. We withdraw our prior opinion and affirm on the basis of *Baskin v. Parker,* 602 F.2d 1205 (5th Cir. 1979), which reversed on rehearing the prior decision upon which this panel previously relied. *Baskin v. Parker,* 588 F.2d 965 (5th Cir. 1979).