

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

August 22, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iston, TX. 77002-3111
../223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable O. H. "Ike" Harris
Chairman
Economic Development Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No. JM-538

Re:  Duties and liabilities of a police officer who is also a firefighter emergency medical technician

Dear Senator Harris:

You request an opinion about the duties and responsibilities of a public safety officer who primarily works as a firefighter emergency medical technician and whose duties also include working as a police officer. You wish to know how such an officer should respond in an emergency, that is, if a public safety officer, while working as a police officer, must use deadly force and critically injures a person, whether the officer is legally obligated in his capacity as firefighter emergency medical technician to treat the injured person and try to save his life. See V.T.C.S. art. 1269m, §§2, 5.

Section 9.51 of the Penal Code sets out the circumstances under which a peace officer may use force or deadly force to make an arrest or prevent escape after an arrest. See also Penal Code §§9.31, 9.32, 9.34, 9.42, 9.43. The peace officer may use that degree of force or deadly force which he reasonably believes is immediately necessary to make the arrest or prevent escape but he is not allowed to use excessive force. Penal Code §9.51; Code Crim. Proc. art. 6.06; Ford v. State, 538 S.W.2d 633 (Tex. Crim. App. 1976).

Once the officer critically injures someone, that person would, in the usual case, be unable to offer any more resistance. At that point, there is no conflict between a peace officer's right to use force to effect an arrest, and any duty a fireman emergency medical technician may have to administer first aid and save the individual's life.

Moreover, at least one court has held that policemen have a duty to render first aid to a person against whom he used force in effecting an arrest. In McQurter v. City of Atlanta, 572 F. Supp. 1401 (N.D. Ga. 1983), the plaintiff sued individual policemen, their supervisors and employer under section 1983, 42 U.S.C., alleging that the police used excessive force in arresting her husband, resulting in

his death.  The court found that the force was excessive and violated the decedent's constitutional rights.  The failure of the police officers to provide the arrestee medical attention after he was critically injured evidenced deliberate indifference to his serious medical needs and therefore also violated his constitutional rights. See Estelle v. Gamble, 429 U.S. 97 (1976).  The court in McQurter stated as follows:

> All of the officers had basic first aid training. Prevailing standards of police work require that the officer on the scene render first aid to any injured subject and obtain emergency professionals to assist in more aggravated cases.

McQurter v. City of Atlanta, 572 F. Supp. at 1418 (dicta).

The reasoning of McQurter was followed in Smith v. Dooley, 591 F. Supp. 1157 (W.D. La. 1984), aff'd mem. 778 F.2d 788 (5th Cir. 1985). This case arose out of the use of excessive force against a jail inmate who resisted being transported to the state penitentiary.  The peace officers who used force against the inmate failed to get medical attention for him.  The court stated as follows:

> Both the McQurter case and the Dailey v. Byrnes case [605 F.2d 858 (5th Cir. 1979)] stand for the proposition that police officials have a duty to secure medical attention for an injured detainee or inmate, even when the injuries result from the justified application of force by the officers.

Smith v. Dooley, 591 F. Supp. 1157, 1170 (W.D. La. 1984) aff'd mem. 778 F.2d 788 (5th Cir. 1985) (dicta).

In both McQurter and Smith v. Dooley the courts found that peace officers had used excessive force against an individual.  They also determined that on the facts of each case the officers' failure to provide medical attention to that person constituted deliberate indifference to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976).  The two cases state in broad terms the peace officer's duty to provide or secure medical aid, and they do not limit the duty to cases where failure to do so constitutes deliberate indifference to the arrestee's serious medical needs.  A peace officer who uses deadly force against an individual and critically injures him has a duty as a peace officer to provide or secure medical aid for him and attempt to save his life.  Failure to provide medical aid in such a case would as a general matter constitute deliberate indifference to a serious medical need.  In addition, the cases suggest that this duty exists even where the injury is not critical or life-threatening.

You also ask whether the administration of emergency aid to the injured person would "legally interfere with the crime scene." You have not identified any statutes which you wish us to consider. A prohibition against tampering with or fabricating physical evidence is found in section 37.09 of the Penal Code, which provides in part:

> (a) A person commits an offense if, knowing than an investigation or official proceeding is pending or in progress, he:

> > (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; or

> > (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

> . . . .

> (c) An offense under this section is a Class A misdemeanor. (Emphasis added).

Penal Code §37.09. We will assume without deciding that this statute is relevant to the scenario about which you inquire. One element of this offense is that physical evidence be destroyed "with intent to impair its merits, legibility or availability as evidence. . . ." A peace officer who gives emergency medical aid to save an injured person's life, ease suffering, or otherwise limit the physical consequences of the injury would not be guilty of this offense unless he had the requisite intent to impair physical evidence. See Penal Code §§6.01, 6.02(a), 6.03(a).

You finally ask about the possibility that a grand jury would view the administration of emergency aid as evidence that the officer did not consider his life in danger. You ask us to anticipate decisions that grand juries might make in the future. The question cannot be answered in an attorney general opinion. Some of the matters already discussed in this opinion may, however, be relevant to grand jury deliberations on the use of force by peace officers in arresting an individual or preventing his escape. See Penal Code §9.51. Particularly noteworthy is the statement in Smith v. Dooley, 591 F. Supp. 1157 (W.D. La. 1984) aff'd mem. 778 F.2d 788 (5th Cir. 1985) that

> police officials have a duty to secure medical
> attention for an injured detainee or inmate, <u>even
> when the injuries result from the justified
> application of force by the officers</u>.   (dicta)
> (Emphasis added).

591 F. Supp. at 1170.  The facts of <u>Smith v. Dooley</u> and <u>McQurter v.
City of Atlanta</u>, <u>supra</u>, show that an individual may be violent and
dangerous to others so that a peace officer may justifiably use some
force, and thereafter the arrestee may be completely subdued and in
need of medical attention.  We assume that grand jurors will evaluate
the facts of each incident in accordance with their oath to

> diligently inquire into, and true presentment make,
> of all such matters and things as shall be given
> you in charge. . . .

Code Crim. Proc. art. 19.34.

## S U M M A R Y

A police officer, who must use deadly force
against a person and injures him critically, has a
duty under section 1983, 42 U.S.C., to provide or
secure medical attention for that person, and
attempt to save his life.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General