826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael SWARTS, Plaintiff-Appellant,
v.
Perry JOHNSON, Director, Michigan Department of Corrections;
Richard Handlon, Warden, Michigan Training Unit; Rudy
Davidson; and Donald E. Houseworth, Western Regional
Administrator, Defendants-Appellees.
 Nos. 86-1197, 86-1505.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1987.
 
 Before MARTIN, NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Swarts, plaintiff-appellant, was an inmate in the Michigan Training Unit, a medium custody prison, in November 1980, when a fellow inmate, Rudy Davidson, struck Swarts, blinding him in one eye.
 
 
 2
 In November 1983, a few days before the expiration of the statute of limitations, Swarts filed suit against Perry Johnson, then Director of the Michigan Department of Corrections; Richard Handlon, the Unit's Warden in their official capacities, and against Davidson, seeking only a monetary award. Swarts argued that: 1) Johnson should have issued rules to protect the general prison populace from forseeably unreasonably dangerous inmates, and 2) Handlon knew or should have known that Davidson was violent and therefore should have removed Davidson from the general population. Thus, according to Swarts, their failure to act was both a proximate cause of his injuries and deprived him of his eighth amendment right to be free from cruel and unusual punishment, creating liability under 42 U.S.C. Sec. 1983. Swarts also asserted pendent state negligence claims against them, and a pendent state assault and battery claim against Davidson.
 
 
 3
 The district court granted Johnson's and Handlon's motion for summary judgment, and dismissed without prejudice the action against Davidson. During discovery, but after the statute of limitations had expired, Swarts learned that Donald E. Houseworth (Houseworth), Western Regional Administrator for the Department of Corrections, who had final responsibility for transfers of prisoners from one facility to another, had denied Handlon's request to transfer Davidson to a more secure facility, and sued him as well. The district court dismissed that case due to the expiration of the statute of limitations. We affirm the district court in all respects.
 
 
 4
 * Swarts's suit fails because the actions of the state officials alleged here do not support a Sec. 1983 claim. This court has held that prison officials' gross negligence or deliberate indifference is sufficient to support a claim against the officials, but ordinary negligence is not. Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982). See also Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir.1985). Swarts notes cases in other circuits which impose other standards of care, such as Fox v. Sullivan, 539 F.2d 1065 (5th Cir.1976), on remand, 558 F.2d 235 (5th Cir.1977) (negligence), and Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979) (dereliction of duty). However, Swarts presents no argument that this Circuit should change its standard. In any event, one panel of this court may not overrule another.
 
 
 5
 Swarts argues that the officials' failure to take steps to segregate out potentially violent inmates such as Davidson is gross negligence or deliberate indifference. However, in Stewart v. Love, 696 F.2d 43 (6th Cir.1982), an inmate, fearing for his own safety due to rumored threats against him, requested and received a transfer, and upon return to his original unit, informed the prison administration of renewed threats, but was beaten so severely as to require hospitalization. Nonetheless, this court found mere negligence. "[G]enerally, an isolated or occasional attack is not sufficient to state a claim [under the eighth amendment]." 696 F.2d at 45. The facts in Stewart parallel those in Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668 (1986), in which the plaintiff specifically identified the assailant prior to the attack, yet the Supreme Court found insufficient negligence to support an award of damages. The attack on Swarts was less forseeable than the attack on Stewart or Davidson, as Swarts does not allege that Davidson had threatened him. Thus, prison officials were at most ordinarily negligent in the present case.
 
 
 6
 Swarts claims that Johnson was negligent by failing to take steps to insure segregation of violent prisoners, and eliminate overcrowding. However, we have held that a prison official is not liable in damages for prison overcrowding and the consequences of that overcrowding. Schmidt v. Wingo, 499 F.2d 70, 74 (6th Cir.1974). Indeed, Swarts fails to demonstrate that it would have been possible to eliminate overcrowding or to segregate out all potentially assaultive prisoners.
 
 
 7
 Swarts also claims that this attack was forseeable, due to Davidson's poor record, which reflected a high risk of assault. Handlon testified, however, that there were many prisoners with records as bad as Davidson's. Thus, the officials were not negligent or indifferent, but rather weighed many factors in reaching a decision. In the absence of gross negligence or deliberate indifference to a forseeable danger at the moment of decision, bad consequences do not of themselves demonstrate negligence.
 
 
 8
 The responsibilities of prison administrators are not light. They run institutions in which some of society's most dangerous members are kept from the society at large. Prison officials must also respond to budgetary and personnel concerns. In view of the many efforts shown in the record by the defendants-appellees to lower the risk of prisoner-on-prisoner violence at the Michigan Training Unit, it is clear to us that, viewed in the light most favorable to Swarts, no material issue of fact exists concerning the degree of culpability of the prison officials.
 
 
 9
 In ruling upon a motion for summary judgment, the court must consider the evidence in a light most favorable to the non-movant, and may grant the motion only if no genuine issue of material fact exists. Smith v. Hudson, 600 F.2d 60, 63, (6th Cir.), cert. denied 444 U.S. 986 (1979). The charges against the prison officials, construed in a light most favorable to plaintiff, do not approach the level of gross negligence or deliberate indifference on the part of the officials to appellant's risk of injury. We therefore AFFIRM the district court's summary judgment decision.
 
 II
 
 10
 The state tort claims are barred under Michigan's governmental immunity statute, M.C.L.A. Sec. 691.1407. This statute has been interpreted by the Supreme Court of Michigan in Ross v. Consumers Power Co., 420 Mich. 567, 363 N.W.2d 641 (1984), to provide absolute immunity to the highest executive officers at all levels of government when acting within their official authority. The Michigan Supreme Court set out three conditions for lower level officials' tort immunity. First, they must have been acting in the course of their employment and within the scope of their authority or with a reasonable belief that they were within that scope. Second, they must have been acting in good faith. Third, they must have been performing discretionary, as opposed to ministerial acts. There is no immunity for ultra vires acts.
 
 
 11
 Johnson was the executive director of the Michigan Department of Corrections, and hence has absolute immunity. Handlon was warden, and hence either had absolute immunity due to his "executive authority" over the prison, or had immunity as a lower level official whose acts met all three requirements of Ross as shown by Swarts's brief: Swarts alleges that Handlon had a duty to act; he does not allege that Handlon acted in bad faith, and he complains that Handlon abused his discretion in permitting Davidson to remain in the prison. However, there can be no state-law liability for discretionary acts once the first two requirements are met, under Ross.
 
 III
 
 12
 Swarts argues that, as he did not know about the existence of Dr. Houseworth until discovery began in the present case, the statute of limitations should be extended to permit his suit to be heard. The Michigan limitation period begins to run at latest when an individual discovers or should have discovered through the exercise of reasonable diligence that he has a possible cause of action. Bonney v. Upjohn Co., 129 Mich.App. 18, 342 N.W.2d 551 (1983).
 
 
 13
 It appears that Swarts would have us toll the running of the statute of limitations past the point in time when the injury is discoverable to include the point in time when a proper defendant is discovered. No Michigan case so holds. Swarts states no reason why, with diligence, he could not have discovered Houseworth's identity within days of his injury. For this reason the district court's dismissal of the case against Houseworth is AFFIRMED.