**Leo HENZEL, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Respondent-Appellee.**

No. 72–1495.

United States Court of Appeals, Fifth Circuit.

April 6, 1973.

Rehearing and Rehearing En Banc Denied May 25, 1973.

■

4. Members Fanning and Brown dissented from the holding in R. J. Smith Construction Co., 191 NLRB No. 135, 77 LRRM at 1496. They would hold that even in the absence of a union security clause a § 8(f) employer must bargain collectively with a union with which it has made a § 8(f) contract until its expiration or until a representation election changes the collective bargaining representative. *Cf.* NLRB v. AAA Electric, Inc., 472 F.2d 444 (6th Cir. 1973).

Filindo B. Masino, Philadelphia, Pa., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Arnold R. Ginsberg, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before COLEMAN, GOLDBERG and GODBOLD, Circuit Judges.

PER CURIAM.

Petitioner Henzel is a parolee from a Florida state conviction for grand larceny. His third successive federal petition for a writ of habeas corpus was denied by the District Court. Petitioner then filed pro se a petition for rehearing, and later requested that the court delay ruling thereon until he could obtain counsel. Petitioner subsequently filed pro se a lengthy supplemental petition. The District Court considered these petitions despite the fact that they raised numerous grounds not presented in the third petition, and denied the request for rehearing. Petitioner appeals. We affirm.

Petitioner is represented on appeal by counsel who has filed a lengthy brief raising four contentions. The major point is that part of petitioner's trial was conducted during his involuntary absence. This precise issue was determined adversely to petitioner in state court. It was raised in petitioner's second federal habeas suit, and was again determined adversely to him on the basis of specific findings. That decision was not brought up for appellate review.[1] It cannot be reviewed on this appeal.

Denial of a speedy trial is urged, but petitioner has made no effort to have this issue determined in his various state court post-conviction proceedings. Other points raised on appeal are denial of effective counsel, with respect to which there was a bypass of state proceedings, petitioner having raised the issue in state court and then expressly abandoned it, and inconsistency of the verdict, which is not of constitutional dimension. There being no error on any of these points, we affirm.

Various other points were raised by the two rehearing petitions and were denied but have been abandoned because not presented on appeal. These are knowing use of perjured testimony, knowing suppression of evidence, and denial of access to Florida post-conviction remedies. See Lipscomb v. U. S. Bd. of Parole, No. 71-2505 (5th Cir., Jan. 3, 1972). We consider the claim of lack of jurisdiction of the Florida

---

1. An appeal was filed but dismissed.

trial court over the offense to have been abandoned also. Petitioner did not raise this in any contention of error or brief it, and on oral argument of this appeal he adverted to it only briefly and then in his reply to the state's argument.

Affirmed.