**Bobby Ray SNEED, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,
Respondent-Appellee.**

No. 77–2826
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1978.

Bobby Ray Sneed, pro se.

Leon H. Whitten, Dist. Atty., Second Judicial Dist. Court, Parish of Claiborne, Jonesboro, La., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to Bobby Ray Sneed, a prisoner of the State of Louisiana. The district court denied relief without an evidentiary hearing. We affirm in part and vacate and remand in part.

Appellant is attacking his 1975 murder conviction in the Second Judicial District Court in and for Claiborne Parish. On direct appeal, the judgment was affirmed. *State v. Sneed*, 328 So.2d 126 (La.1976). Appellant stated his grounds for federal habeas relief by incorporating an attached memorandum, which was merely a recital of comments concerning 72 of the 73 bills of exception reserved during the trial.

Appellant has briefed only one of his habeas grounds, that concerning alleged improper activities of a sheriff at his trial. It relates to his state Bill of Exception No. 69. By failing to assign as error or argue in his

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

brief the rulings on his other habeas grounds, appellant must be deemed to have abandoned them. *See O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977); *Henzel v. State of Florida*, 475 F.2d 1271 (5th Cir. 1973).

Concerning the sole habeas grounds presented on appeal, appellant's memorandum filed with his habeas petition below recites only the following: "In support of this exception we refer to the Motion for a New Trial." This gives no inkling of the basis for alleged habeas relief. But appellant also filed a "memorandum of law" in support of his petition. Therein he alleged that his complaint involving Bill No. 69 was that the sheriff served liquor to the jury. This was filed as a brief in the district court.

After the district court entered its memorandum opinion denying habeas relief, appellant moved for reconsideration. Therein he alleged that he "raise[d] in his application for habeas corpus a denial of due process, where jurors consumed intoxicating beverages, and *consorted with members of the Sheriff's Department*, after selection of the jury panel" (emphasis supplied). He also complained that "there was no ruling on grounds 69 and 73." However, appellant did not allege that the sheriff had been a witness in the case. The district court denied reconsideration and a certificate of probable cause.

In his motion to this Court for certificate of probable cause, and in his brief, appellant states his full contention concerning Bill No. 69. It is, that the trial court erred in denying his motion for new trial, whereon Sheriff Arvis Whitman testified that he had authorized the jurors to have a drink of an alcoholic beverage before dinner one night, *and* that the sheriff consorted with the jury and determined "where they would be fed and where they would be slept." Because Sheriff Whitman was a witness at the trial, appellant contends that he is entitled to relief on authority of *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965).

This Court has held in several cases that the district court is not required to adjudicate the merits of merely conclusional allegations unsupported by allegations of facts. *See; e. g., Bryant v. Elliott*, 472 F.2d 572 (5th Cir. 1973); *Weaver v. State of Texas*, 441 F.2d 388 (5th Cir. 1971); *Williams v. Smith*, 434 F.2d 592 (5th Cir. 1970). The allegations of the "memorandum" filed below were merely that the sheriff authorized the serving of liquor to the jury. The sheriff's testimony at the hearing on appellant's motion for a new trial was that he authorized them to have one drink before supper on the first day of the three-day trial.

Most importantly, the state direct-appeal record shows that the *Turner* issue was not fairly presented, and, therefore, not adjudicated on applicant's direct appeal. The motion for new trial shows that no *Turner* violation was alleged, only that the sheriff "served alcoholic beverages to the Jury." Although Sheriff Whitman testified at the hearing on the motion for a new trial, the transcript of that hearing was not filed as part of the record in the Supreme Court. The state Supreme Court's ruling on the new-trial bill indicates that it was not aware of a possible *Turner* issue. *State v. Sneed*, 328 So.2d 126, 139 (La.1976). The exhaustion doctrine requires that an issue be fully and fairly presented to the state courts before it can be considered by a federal habeas court. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

As to the *Turner* issue, therefore, we vacate the judgment of the district court and remand the cause with instructions to dismiss the petition without prejudice. Concerning appellant's other habeas grounds asserted below but not briefed on appeal, the district court's judgment denying relief on the merits is affirmed.

AFFIRMED in part; VACATED and REMANDED in part.