Arthur GARDNER and Eugene Wright, Petitioners-Appellants,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 77-2827

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1978.

Arthur Gardner, pro se.

Eugene Wright, pro se.

Leon H. Whitten, Dist. Atty., Second Judicial Dist. Court, Parish of Bienville, Jonesboro, La., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Arthur Gardner and Eugene Wright have appealed from the district court's denial of their petition for the writ of habeas corpus. The district court denied relief to these Louisiana state prisoners without an evidentiary hearing. We affirm in part and vacate and remand in part.

Appellants were convicted upon trial by jury of second degree murder, in the Second Judicial District Court in and for Claiborne Parish. On direct appeal the judgments were affirmed, sub nom. *State v. Sneed,* La.1976, 328 So.2d 126.

*Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

In their petition filed below, appellants alleged the following grounds for habeas relief:

1. Ineffective assistance of counsel, who withheld evidence favorable to appellants, and failed to summon witnesses for them;
2. Insufficient evidence;
3. Trial court erred in allowing Alfred Critton to testify to statements made by one appellant;
4. State erred in failing to show probable cause at preliminary hearing;
5. Inadmissible evidence was admitted;
6. Sheriff, who was a witness at trial, served alcoholic beverages to the jury;
7. Trial transcript has been tampered with;
8. Illegal indictment;
9. Trial judge incompetent;
10. Indictment amended to state true names of appellants instead of "Doe" and "Roe";
11. State failed to show probable cause at preliminary hearing;
12. Arrested without probable cause;
13. Indicted without probable cause.

■ Appellants have briefed only three of these grounds: (1) ineffective assistance of counsel; (2) error in allowing Critton to testify; and (3) the sheriff who was a witness at the trial served alcohol to the jury. By failing to assign as error or argue in their brief the rulings on their other habeas grounds, appellants must be deemed to have abandoned them. See *O'Berry v. Wainwright,* 5 Cir. 1977, 546 F.2d 1204; *Henzel v. State of Florida,* 5 Cir. 1973, 475 F.2d 1271.

Concerning the allegation of improper conduct of the sheriff, appellants have enlarged their contention in their brief on appeal. Therein they additionally allege that the sheriff also remained continuously with the jury throughout the trial, staying at the same motel, eating with them, and driving them to and from court each day. Appellants contend that they are entitled to relief on authority of *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965).

■ Upon review of the state records, we have determined that the *Turner* issue was not fairly presented on appellants' direct appeal. See *Sneed v. Blackburn,* 5 Cir. 1978, 569 F.2d 854 (companion case). Nor have appellants exhausted their available state remedies on the issue whether their counsel rendered ineffective assistance. The exhaustion doctrine requires that an issue be fully and fairly presented to the state courts, before it can be considered by a federal habeas court. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ The district court held that an examination of the trial record showed that there was no merit to appellants' habeas contentions, including that the trial court erred in allowing the Critton testimony. The trial record forwarded to this Court by the district court, however, was that of Charles Wayne Sneed, a codefendant who was tried separately. Appellants were tried together with Bobby Ray Sneed. Accordingly we must vacate the judgment denying relief on this point, to allow reference of the district court to the proper record (a copy of which we obtained from the Louisiana Supreme Court). But this should not be done until appellants have exhausted their state remedies on the two contentions discussed hereinabove.

As to the three habeas grounds briefed on appeal, therefore, we vacate the judgment of the district court and remand the cause with instructions to dismiss the petition without prejudice. Appellant's other habeas grounds asserted below but not briefed on appeal are deemed abandoned.

AFFIRMED in part; VACATED and REMANDED in part.