**Douglas GORHAM, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

No. 78–1964
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

B. Garnett Page, Temple Terrace, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Robert J. Landry, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a writ of habeas corpus requested by Gorham, a state prisoner. In 1972 Gorham was convicted of rape by a Florida jury and sentenced to death.[1] The Florida Supreme Court affirmed the conviction, *Gorham v. State*, 282 So.2d 874 (1973), and the United States Supreme Court denied certiorari, 416 U.S. 907 (1974). Gorham subsequently filed a petition for a writ of habeas corpus in federal district court alleging eleven errors in his trial. The district court rejected each contention and denied the writ. On appeal, Gorham raises only two contentions—that evidence arising from an illegal search should have been suppressed and that prosecution failure to produce FBI lab reports violated due process.[2]

Review of the purported fourth amendment violation is barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and its progeny in this circuit. *See Smith v. Wainwright*, 581 F.2d 1149 (5 Cir. 1978); *Swicegood v. Alabama*, 577 F.2d 1322 (5 Cir. 1978); *O'Berry v. Wainwright*, 546 F.2d 1204 (5 Cir. 1977). Gorham does not contend that he was deprived of a full and fair opportunity to litigate his claim.[3] In fact, the state court record reveals that Gorham raised this claim during trial, and that the trial court, after a hearing, admitted the evidence. This issue was presented to the state supreme court, which affirmed the conviction. *Stone*, therefore, forecloses consideration of this claim in a federal habeas action.

Gorham also contends that the prosecution failed to provide FBI lab reports

---

1. The Florida Supreme Court commuted Gorham's death sentence after *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). *See Anderson v. State*, 267 So.2d 8 (Fla.1972).

2. The nine other issues were systematic exclusion of blacks from the grand and petit juries; exclusion of 18–21 year old voters from the grand and petit juries; denial of requested instructions; introduction into evidence and display to the jury of line-up photographs; sufficiency of eye-witness testimony; constitutionality of Fla.R.Crim.Proc. 3.250; in-court identification by the victim; exclusion of prospective jurors because of their views on capital punishment; the prosecutor's closing argument on capital punishment. These issues were neither raised nor briefed on appeal, and, therefore, are deemed abandoned. *Galtieri v. Wainwright*, 582 F.2d 348, 352 n. 8 (5 Cir. 1978) (en banc); *Gardner v. Blackburn*, 569 F.2d 856 (5 Cir. 1978); *Sneed v. Blackburn*, 569 F.2d 854 (5 Cir. 1978).

3. Inexplicably, Gorham's brief does not even address *Stone v. Powell*.

prior to trial despite a discovery order, and that this failure violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Initially, petitioner's reliance upon *Brady* appears to be ill-founded, since the reports were revealed, albeit belatedly, and were introduced into evidence by Gorham. In light of the fact that the jury did consider this material, the possibility of prejudice appears to be nonexistent.[4] *See United States v. Jones*, 580 F.2d 785 (5 Cir. 1978). Gorham's argument, however, is that the failure to turn over the reports prior to trial prejudiced the preparation of his defense, because, had he known of their inconclusive nature, he would have more fully prepared to exploit their exculpatory possibilities.[5] This argument is also unavailing, because we cannot perceive any prejudice of constitutional dimensions arising from this belated discovery.

After receiving the reports, Gorham's counsel made an initial request for a mistrial, alleging that the delayed discovery had irreparably prejudiced the defense. The trial judge denied the motion, but offered to recess in order to allow counsel to evaluate the reports. Counsel requested and received a ten minute recess, after which, he introduced the reports into evidence. Counsel did not request, however, a continuance even though such a request would have been the first step to enable counsel to exploit the full potential of this evidence. This failure undercuts the present argument of prejudice. *Cf. United States v. Scruggs*, 583 F.2d 238, 242 (5 Cir. 1978). Also, this belated revelation did not force Gorham to repudiate or recant from a previous defensive posture. *See United States v. Brown*, 582 F.2d 197 (2 Cir. 1978). Delayed revelation of discoverable evidence may, under certain circumstances, deny a defendant an effective defense in violation of due process. In light of the speculative nature of the prejudice in this case, however, we cannot say that Gorham suffered a deprivation of his right to a fair trial because of the belated revelation of the FBI reports.

AFFIRMED.

---

4. In the district court, the State argued that the reports were not *Brady* material. The State appears to have abandoned this contention on appeal.

The reports in question dealt with laboratory analysis of hair samples taken from Gorham and foreign hairs gathered from the body of the victim. The results of the tests were inconclusive.

5. There is some question whether Gorham's contention properly falls under the rubric of the *Brady* decision. *See United States v. Agurs*, 427 U.S. 97, 112 n. 20, 96 S.Ct. 2392, 2401 n. 20, 49 L.Ed.2d 342, 354, n. 20, (1976).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.