John F. Johnson, Dist. Atty., Vidalia, La., for respondent-appellee.

**Franklin Edward DAVIS,
Petitioner-Appellant,**

v.

**Frank C. BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.**

No. 86–4055.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1986.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

PER CURIAM:

In the appeal of this federal habeas corpus action, Petitioner Franklin Edward Davis as his sole issue contends that his fourth amendment rights were violated when a firearm found at his home at the time of his arrest was admitted in his state court trial for murder. The district court found that no fourth amendment violation occurred. We affirm for a different reason. Since Davis fully and fairly litigated his fourth amendment claim in state court,

under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), he is foreclosed from relitigating this issue again in federal court.

## I.

Davis was convicted, after a second trial, of second degree murder and sentenced to life imprisonment. His first trial resulted in a conviction that the Louisiana Supreme Court later reversed. *State v. Davis*, 399 So.2d 1168 (La.1981).

Before the second trial, Davis objected to the admission of a rifle found at his home at the time of his arrest. The trial court held a suppression hearing and denied the motion. His sole assignment of error on direct appeal was the denial of the suppression motion. The Louisiana Supreme Court affirmed the conviction without an opinion. *State v. Davis*, 427 So.2d 872 (La.1983).

Davis then brought a petition in federal district court alleging, as his sole ground for relief, that the state trial court should have suppressed the rifle evidence used against him at trial. The district court denied relief finding that no fourth amendment violation occurred. This appeal followed.

## II.

In *Stone v. Powell* the Supreme Court held:

> [W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial.

428 U.S. at 494, 96 S.Ct. at 3052, 49 L.Ed.2d at 1088. A full and fair hearing means that

> where there are *facts* in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the

availability of meaningful appellate review by a higher state court.

*O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir.) (emphasis in original), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977).

In this case, it is beyond doubt that Louisiana provided Davis a "full and fair" opportunity to litigate his fourth amendment claim. The trial court conducted a full-blown evidentiary hearing on the suppression motion. The issue was next presented to the Louisiana Supreme Court which affirmed the trial court. Thus, *Stone* bars consideration of Davis' fourth amendment claim. *See Gorham v. Wainwright*, 588 F.2d 178, 179 (5th Cir.1979).[1]

Davis argues that *Stone* does not bar his claim because the state trial court was wrong in its decision on the issue. This contention has been firmly rejected by this court. *Swicegood v. Alabama*, 577 F.2d 1322, 1324–25 (5th Cir.1978).

Davis' argument is without merit. The district court's judgment is AFFIRMED.

---

**1.** Davis does not address *Stone* in his brief to this court. However, he was aware of the problem and addressed it in his traverse to the state's answer in the federal district court. The state did not raise the principle that *Stone v. Powell* enunciates in its answer to Davis' petition for habeas relief. This would account for the district court resolving Davis' petition on the merits of his claim.