# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-51268
Summary Calendar

MARTIN MORENO RUIZ

Plaintiff-Appellant

V.

EL PASO PROCESSING CENTER; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; OFFICER ALFREDO CAMPOS; ROBERT JOLICOER; OFFICER W HENDERSON, Department of Homeland Security; MAILROOM OFFICER XAVIER ORTIZ, El Paso Processing Center, El Paso, Texas

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-204

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Martin Moreno Ruiz, formerly alien detainee # 28486-148, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Moreno Ruiz's motion to appeal IFP and certified that the appeal was not taken in good faith. "Once the district court certifies that an IFP appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith, prisoners, like nonprisoners, cannot appeal unless prepared to pay the full filing fee, deposits, and other costs." Baugh v. Taylor, 117 F.3d 197, 199-200 (5th Cir. 1997); FED. R. APP. P. 24. By moving for leave to proceed IFP, Moreno Ruiz is challenging the district court's certification. See Baugh, 117 F.3d at 202.

The district court dismissed Moreno Ruiz's Bivens[1] complaint for failure to state a claim on which relief may be granted. Moreno Ruiz argues that the district court erred in ruling on his complaint before he could conduct discovery. Moreno Ruiz has not made even speculative allegations as to what information discovery would have revealed and has therefore not demonstrated the requisite prejudice to prevail on such a claim. See Gorham v. Wainwright, 588 F.2d 178, 180 (5th Cir. 1978).

Moreno Ruiz was deported while this case was pending. Accordingly, to the extent that he seeks injunctive relief or specific performance regarding his complaints about the conditions of his confinement, his claims are moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Moreno Ruiz argues that the district court failed to consider several issues raised in his original complaint that were not renewed in his amended complaint. Ordinarily, an amended complaint supersedes an original complaint and renders it of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Moreno Ruiz's amended complaint describes itself as "expanding" the complaint. Even if this language was sufficient to preserve the claims in Moreno Ruiz's original complaint, his claims are frivolous.

Moreno Ruiz argues that his right to privacy was violated because he was denied a comfortable tee-shirt and was given only a rough, red shirt with which to cover himself in front of female guards; he was not given two hours of outdoor

---

[1] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

recreation time daily; and he was not taken to see a barber for almost three months.

"[T]he Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks and citation omitted). However, "the Constitution is not concerned with a de minimis level of imposition on pretrial detainees." Id. (internal quotation marks and citation omitted). "[A] pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." Hare v. City of Corinth, Miss., 74 F.3d 633, 640 (5th Cir. 1996) (en banc). Moreno Ruiz has not alleged facts that support his claim that the conditions "are not reasonably related to a legitimate governmental purpose" or that the conditions about which Moreno Ruiz complains are more than de minimis inconveniences that do not implicate his constitutional rights. See Collins, 382 F.3d at 545; Hare, 74 F.3d at 640.

Moreno Ruiz also argues that his due process rights were denied when he was placed in protective administrative segregation for eleven days without a hearing. This complaint implicates "an episodic act or omission" and is therefore reviewed under the deliberate indifference standard. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000). Moreno Ruiz has alleged no facts to support a determination of deliberate indifference.

Moreno Ruiz argues that he was denied access to the courts because the law library at the El Paso Processing Center did not comport with minimum constitutional standards; he was not provided a phone book when he requested one; and the prison did not mail, free of cost, two envelopes from Moreno Ruiz to the U.N.'s High Commissioner of Human Rights in Switzerland. Moreno Ruiz has not alleged how the lack of the legal materials, lack of access to a phone book, and denial of free-of-cost postage caused him an actual injury as is required to prevail on a denial of access to the courts claim. See Lewis v. Casey,

518 U.S. 343, 349-51 (1996); see also Mann v. Smith, 796 F.2d 79, 83-84 (5th Cir. 1986).

As Moreno Ruiz has not demonstrated that his appeal involves legal points arguable on their merits, his request for in forma pauperis status is denied and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Moreno Ruiz is warned that the filing of further frivolous appeals will result in sanctions. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. In light of this sanction warning, Moreno Ruiz is directed to review any other appeals pending in this court and to withdraw any appeal that is frivolous.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.