[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12172
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:11-cv-00051-WTH-DAB

LOUIS CASTRO,

                                                          Plaintiff-Appellant,

                              versus

DIRECTOR, FEDERAL DEPOSIT INSURANCE CORPORATION,
FEDERAL DEPOSIT INSURANCE CORPORATION,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 24, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Louis Castro, a federal prisoner appearing pro se, appeals the dismissal of his civil complaint, which appears to allege that the Federal Deposit Insurance Corporation ("FDIC") and its director failed to act within the grace-period of Regulation Z, Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. The district court dismissed his complaint without prejudice for failure to pay the filing fee or request to proceed in forma pauperis ("IFP"), pursuant to M.D. Fla. Local Rule 1.03(e). On appeal, Castro only argues about the underlying merits of his case, and not about the dismissal under Local Rule 1.03(e). After careful review, we affirm.

We review a district court's dismissal of a lawsuit for failure to comply with the rules of the court for abuse of discretion. Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). Although we give liberal construction to the pleadings of pro se litigants, we have nevertheless required them to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). If a party, even a pro se litigant, fails to raise an issue on appeal, he has effectively abandoned that issue. See Tanner Adver. Grp. v. Fayette Cnty., 451 F.3d 777, 787 (11th Cir. 2006) (stating that a party must "plainly and prominently" indicate that he is seeking to raise an issue on appeal, or that issue will be considered abandoned). See also Gardner v. Blackburn, 569 F.2d 856, 857 (5th Cir. 1978)

(stating that the pro se prisoners were deemed to have abandoned all arguments not raised in their brief).[1]

Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed.R.Civ.P. 41(b). A federal district court has the inherent power to dismiss a case sua sponte under Rule 41(b). Chambers v. NASCO, Inc., 501 U.S. 32, 48-49 (1991). Unless otherwise stated, a dismissal under Rule 41(b) will be treated as a dismissal with prejudice. Fed.R.Civ.P. 41(b). Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions would not serve the best interests of justice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir. 1976). We will apply a less stringent standard, however, when the district court dismisses a lawsuit without prejudice and the statute of limitations does not prevent the plaintiff from refiling the lawsuit. Id. at 212-13.

A district court may adopt and amend local rules governing its practice, as long as those rules are adopted using proper procedures and are consistent with federal statutes and rules. Fed.R.Civ.P. 83(a); Hoffman-La Roche v. Sperling, 493 U.S. 165,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

3

172 (1989). Local rules are rules which are necessary for the district court to carry out the conduct of its business. Frazier v. Heebe, 482 U.S. 641, 645 (1987). Local rules have the force of law. Hollingsworth v. Perry, 558 U.S. ___, 130 S.Ct. 705, 710 (2010).

Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees. 28 U.S.C. § 1914(a), (c). A prisoner bringing a civil action may proceed without prepayment of fees by filing an affidavit to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1)-(2). Once a pro se IFP litigant is in court, he is subject to the Federal Rules of Civil Procedure and the local rules of the court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). In the Middle District of Florida, a prisoner's case is subject to dismissal by the district court, sua sponte, if the filing fee is not paid or if the application to proceed IFP is not filed within 30 days of the commencement of the action. M.D. Fla. Local R. 1.03(e).

On appeal, Castro raises various issues regarding the merits of his case, but he does not directly address the district court's reasons for the dismissal of his complaint -- the failure to pay filing fees or move to proceed IFP. Therefore, Castro has abandoned the sole issue on appeal. Tanner Adver. Grp., 451 F.3d at 787; Gardner, 569 F.2d at 857. But even assuming he had raised this issue properly, the district

court did not abuse its discretion in dismissing his complaint without prejudice under M.D. Fla. Local Rule 1.03(e). Indeed, even if, as Castro claims, the district court never informed him that he was required to pay a filing fee or file a request to proceed IFP under Local Rule 1.03(e), the district court's actions did not affect or otherwise prejudice Castro's ability to assert his civil claim because the district court expressly dismissed Castro's complaint without prejudice. Accordingly, we affirm.

**AFFIRMED.**