**Donald Lee FOX, Plaintiff-Appellant,**

v.

**L. B. SULLIVAN, Commissioner, Defendant-Appellee.**

**No. 75–2389.**

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1976.

Donald Lee Fox, pro se.

William R. Lauten, Mobile, Ala. (Court-appointed), for plaintiff-appellant.

Jerry L. Weidler, Asst. Atty. Gen., William Baxley, Atty. Gen., Montgomery Ala., for defendant-appellee.

Before BROWN, Chief Judge, and JONES and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

The appellant, Donald Lee Fox, was an inmate of a state prison at Atmore, Alabama. He brought an action under 42 U.S.C.A. § 1983 against officials and officers of the Alabama prison system including prison guard W. C. Blackburn and Lieutenant F. R. Johnson. Fox asserted that Officer Blackburn negligently permitted another inmate to attack and stab him with the result that he was seriously injured. Fox

asserted that while he was in a hospital because of his injuries, Lieutenant Johnson took possession of money and personal effects belonging to him and has not returned them.

The appellees moved for a summary judgment. An evidentiary hearing was held. It appeared that another inmate had asked Blackburn to open the door to the cell occupied by Fox so that he could place his radio in the corridor for the entertainment of other prisoners. Blackburn opened the cell door and as Fox emerged he was stabbed a number of times by another inmate. While Fox was hospitalized, Lieutenant Johnson took possession of money and personal effects belonging to Fox. They were never returned, so Fox claims. The district court granted the motion for summary judgment on the grounds first, that the acts complained of were not done under color of state law and, second, that no abuse had been shown of the wide discretion which prison officials have in the maintenance of order and discipline. Fox has appealed.

 However reluctant federal courts may be to interfere with the administration of state prisons by state officials they may not avoid the determination of whether rights protected by the constitution have been violated. Section 1983 of the Civil Rights Act gives a remedy to a state prisoner against prison officials for negligent acts which result in injuries to the prisoner. *Parker v. McKeithen,* 5th Cir. 1974, 488 F.2d 553, cert. den. 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65.

The Supreme Court has stated the test for ascertaining whether action has been under color of state law:

" 'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law.' " *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492.

The application of these principles to the case before us requires the judgment of the district court be set aside.

 The claim of the appellant that a prison official should have but did not return his money and other personal property to him also asserts a protected right which may be determined under Section 1983. No distinction exists between personal liberties and property rights under the Civil Rights Act. *Lynch v. Household Finance Corporation,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424.

The judgment of the district court is vacated and the cause is remanded for further proceedings.

VACATED and REMANDED.