**Isaac C. DAILEY, Plaintiff,**

v.

**Warden Ron SUTTON, et al.,**
**Defendants.**

**Civ. A. No. 81–465–N.**

United States District Court,
M. D. Alabama, N. D.

March 30, 1982.

Isaac Charles Dailey, pro se.

Charles Graddick, Atty. Gen., Lynda F. Knight, Asst. Atty. Gen., State of Ala., Montgomery, Ala., for all defendants except Riggs.

### ORDER

HOBBS, District Judge.

The above styled cause is now before the Court on defendants' motion to dismiss and alternatively, motion for summary judgment, filed herein November 19, 1981. Defendants have submitted various affidavits in support of their motion. Plaintiff has submitted a pleading entitled "Traverse to Special Report" and an affidavit, which the Court treats as a response to defendants' motion. Upon careful consideration of defendants' motion, the Court is of the opinion that defendants' motion for summary judgment is due to be granted.

Plaintiff, an inmate who is proceeding pro se, filed this 42 U.S.C. Section 1983 action claiming that defendants violated his constitutional rights by unjustly misappropriating his personal property. Specifically, plaintiff alleges that defendant Franklin ordered defendant inmate Riggs to give or sell plaintiff's handmade boat to defendant Franklin and that defendants Sutton, Crumpton, and Dillinger condoned this action and refused to return plaintiff's boat. In support of their motion defendants have submitted affidavits which indicate that defendant inmate Riggs asked permission to give the toy boat at issue to defendant Franklin, a prison pharmacy assistant. Upon being informed that prison regulations forbid employees from accepting anything from an inmate, defendant Franklin purchased the boat from defendant inmate Riggs for two dollars. Defendants' affidavits further show that approximately ten days later plaintiff advised defendant Crumpton that defendant inmate Riggs had taken a boat that belonged to him and had not paid him for it. Defendant Riggs, however, advised defendant Crumpton that he had made a "deal" with plaintiff and that defendant Riggs' mother was sending a money order in Dailey's name as part payment on the boat. In his affidavit plaintiff states that he has complained to defendants Crumpton and Dillinger about defendant Franklin using defendant inmate Riggs to misappropriate his personal property, but that defendant Crumpton responded that he did not want to hear any more about the matter and that defendant Dillinger told plaintiff to get a knife and kill defendant inmate Riggs.

▆ Viewing the evidence in a light most favorable to plaintiff, the Court is persuaded that a genuine issue of material fact does not exist in this case and, consequently, summary judgment is appropriate. Although a claim that prison officials have wrongfully confiscated personal property may be cognizable under Section 1983, *see Fox v. Sullivan*, 539 F.2d 1065 (5th Cir. 1976), prison officials and employees are not liable under the Constitution for "deals" made between inmates. Plaintiff's bare allegation that defendant Franklin coerced defendant inmate Riggs to sell the boat certainly does not establish that any wrongful action was under the color of state law, as required under Section 1983. Likewise, the allegation that defendants Sutton, Crumpton, and Dillinger condoned defendant inmate Riggs' action and refused to return plaintiff's boat does not state a possible constitutional violation.

In an order entered December 8, 1981, the Court directed plaintiff to submit a sworn response of a factual nature and to specifically point out why there is a factual dispute which would necessitate a trial of this cause. Plaintiff has failed to respond to that order. Since there appears to be no genuine issue of material fact in this case, the Court is satisfied that defendants are entitled to summary judgment as a matter of law.

▆ This Court recognizes that it has a duty to hear prisoner complaints where the prisoner is deprived of his property by one acting under color of state law and the deprivation is without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In the case of plaintiff Dailey the deprivation was not under color of state law. Neither the prisoner Riggs who allegedly misappropriated plaintiff's toy boat nor the nurse who purchased the boat from prisoner Riggs acted under color of state law. Essentially, the issue sought to be raised by this case is whether prisoner Riggs was rightfully in possession of prisoner Dailey's toy boat. To treat the resolution of this issue as one cognizable in the United States District Court as one involving the constitutional rights of plaintiff is to translate the myriad prisoner disputes which arise by the dozens on a daily basis into federal causes of action of constitutional magnitude. Section 1983 suggests no such translation.

In the view of this Court, the State should provide a forum for the resolution of such prisoner disputes so that the aggrieved prisoner is not tempted to resort to a violent form of self help, but this is not a

procedure that the federal court can impose on the state prison administration.

Accordingly, it is ORDERED that defendants' motion to dismiss be and the same is hereby granted.

It is further ORDERED that plaintiff's complaint be and the same is hereby dismissed.